Filed 6/27/24  P. v. Wesson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086913 |
| Plaintiff and Respondent, | (Super. Ct. No. BF188991A) |
| v. | |
| DARNELL WESSON, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Smith, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a judgment of conviction following a jury trial which disposed of all issues between the parties and is authorized by Penal Code section 1237.[1]

## STATEMENT OF THE CASE

On March 8, 2022, an information was filed in Kern County Superior Court charging Wesson with felony arson (§ 451, subd. (d); count 1); felony possession or use of a flammable or combustible substance (§ 453, subd. (a); count 2); misdemeanor failure to register as an arson offender (§ 457.1; count 3); and misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 4). It was alleged in counts 1 and 2 that Wesson had previously suffered a serious felony conviction within the meaning of section 667, subdivisions (c)-(j) and section 1170.12, subdivisions (a) through (e). It was alleged in count 1 that Wesson had previously suffered an arson conviction within the meaning of section 451.1, subdivision (a)(1). It was also alleged in count 1 that Wesson had previously suffered a serious felony conviction within the meaning of section 667, subdivision (a). He pleaded not guilty to the charges and denied the allegations on March 14, 2022.

On March 1, 2023, Wesson exercised his right to represent himself at trial. Wesson's jury trial commenced on August 17, 2023. During trial, Wesson called no witnesses and chose not to testify on his own behalf.

At the outset of the proceeding, the court bifurcated trial on the prior conviction allegations. The jury returned its verdicts on August 23, 2023, finding Wesson guilty on all counts. Thereafter, it found he had previously suffered the serious felony conviction

---

[1] All statutory references are to the Penal Code unless otherwise stated.

alleged pursuant to section 667, subdivision (a), section 667, subdivisions (c)- (j), and section 1170.12, subdivisions (a)-(e).

On September 26, 2023, Wesson was sentenced to state prison for an aggregate term of 16 years. Specifically, the trial court imposed the aggravated term of three years on count 1 and then doubled it to six years in accordance with section 667, subdivision (e)(1) and section 1170.12, subdivision (c)(1). Five-year enhancements were imposed under section 451.1 and section 667, subdivision (a), resulting in an additional 10 years. A term of six years was imposed on count 2 and then stayed pursuant to section 654.[2] One-year county jail terms were imposed on counts 3 and 4 and ordered to run concurrent to count 1.

On September 26, 2023, Wesson filed a timely notice of appeal.

**STATEMENT OF FACTS**

On February 14, 2022, surveillance cameras at a gas station located on Stockdale Highway captured Wesson collecting a cardboard box and items from a trash can. Thereafter, he was observed starting a small fire which discolored the paint on an adjacent PG&E vault.

Members of the Bakersfield Fire Department responded to the scene and extinguished the fire. One of the firefighters who arrived there was Captain Jonathan Wegis. Wearing his department uniform, Wegis followed Wesson who was walking away from him. Wesson refused to stop and instead took off running. Wegis ordered Wesson to stop multiple times. Moments later, Wesson was apprehended by another

---

[2] The trial court imposed the same sentence on count 2 as it did on count 1 (aggravated term of three years, doubled to six), then stayed the sentence on count 2 pursuant to section 654. We will order the abstract of judgment to be corrected in our disposition. (See, *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [clerical errors in abstract of judgment may be ordered corrected at any time]; see also *People v. Burke* (2023) 89 Cal.App.5th 237, 244 [ordering correction of clerical errors in abstract of judgment following *Wende* review].)

member of the department, Captain Bryce Patterson.  After being read his *Miranda*[3] rights, Wesson admitted to Wegis that he started the fire.  When searched, Wesson was found in possession of three lighters which were considered to be incendiary devices.

Wesson was familiar to Patterson.  The captain had detained Wesson when investigating a fire on February 9, 2021.  When questioned, Wesson admitted to starting two fires at that time.  He was subsequently convicted of arson for those two fires and thereafter failed to register as an arsonist as required by law.

## APPELLATE COURT REVIEW

Wesson's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes the declaration of appellate counsel indicating Wesson was advised he could file his own brief with this court.  By letter on May 20, 2024, we invited Wesson to submit additional briefing.

In response to our invitation, Wesson filed a supplemental letter brief on June 13, 2024, which we have read and considered.  However, he presents no issues that would warrant relief on appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Wesson.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to reflect that a six year term was imposed on count 2, then stayed pursuant to section 654.  The corrected abstract should be forwarded to all appropriate parties.

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

4.